**Eladio ACOSTA–RAMIREZ, et al., Plaintiffs,**

v.

**BANCO POPULAR DE PUERTO RICO, Defendant.**

**Civil No. 13–1774 (PAD).**

United States District Court, D. Puerto Rico.

Signed May 30, 2014.

Beatriz I. Hernandez–Toro, Bufete Frank Torres–Viada, San Juan, PR, for Plaintiffs.

Enrique R. Padro, Nicole Marie Rodriguez–Ugarte, Pedro J. Manzano–Yates, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Defendant.

### OPINION AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

This is an action by 176 former employees of Westernbank, a failed bank taken

into receivership by the Federal Deposit Insurance Corporation ("FDIC"), seeking severance pay against Banco Popular de Puerto Rico under Puerto Rico's Unjust Discharge Act, Law No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29, § 185a *et seq.*

Pending before the Court is the FDIC's "Motion to Dismiss Plaintiffs' Complaint with Prejudice" (Docket No. 21), which Banco Popular has joined (Docket No. 22). Based on the First Circuit's opinion in *Acosta–Ramírez v. Banco Popular,* 712 F.3d 14 (1st Cir.2013), the case is dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

The factual backdrop is similar to the one described in *Acosta–Ramírez.* As pointed out therein, on April 30, 2010, the Puerto Rico Office of the Commissioner for Financial Institutions closed the insolvent Westernbank and appointed the FDIC as receiver. The same day, the FDIC informed all Westernbank employees that they had been terminated because Westernbank was permanently closed, and that they had a right to submit any claims that they may have had against Westernbank or the FDIC under the mandatory administrative claims process established by the Financial Institutions Reform Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 103 Stat. 183. The same day, the FDIC sold Westernbank's deposits and loans to Banco Popular under a Purchase and Assumption ("P & A") Agreement. *Id.* at 16.

Banco Popular agreed to assume all of the failed bank's insured deposits and to purchase certain assets formerly held by Westernbank, but did not assume liabilities to Westernbank's employees for severance pay. Conversely, the FDIC agreed to indemnify Banco Popular for liabilities of the failed bank not assumed under the P & A Agreement, including (1) claims based on the rights of or actions/inactions of employees of the failed bank; (2) claims brought by former employees for severance or enhanced severance pay under Law No. 80; and (3) claims based on successor liability under Law No. 80. *Id.*

Banco Popular hired most plaintiffs under temporary employment contracts, but subsequently let them go. Plaintiffs did not, however, comply with the FIRREA claim process. Instead, on September 26, 2013, they sued Banco Popular in the Puerto Rico Court of First Instance for unjust termination under Law No. 80, essentially alleging that Banco Popular: (1) acquired Westernbank's assets, (2) continued Westernbank's operations as an ongoing business, (3) became their employer, and (4) terminated their employment in disregard of their seniority. Consequently, they asserted to have been unjustly discharged, and claimed entitlement to severance pay or discharge indemnity under Law No. 80.[1]

On October 11, 2013, the FDIC intervened, and removed the case to this Court. On January 22, 2014, it moved to dismiss based on the authority of *Acosta–Ramírez.*

## II. DISCUSSION

FIRREA requires the FDIC, upon appointment as a receiver, to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(i). If a claim is filed, the

---

**1.** Article 6 of Law No. 80 imposes liability under certain circumstances to the purchaser of the assets of an ongoing business, for termination of the seller's employees. *See,* P.R. Laws Ann. tit. 29 § 185f, and *Arends v. Eurobank,* 845 F.Supp. 60 (D.P.R.1994).

FDIC has 180 days to determine whether to approve or disallow the claim. *Id.* at § 1821(d)(5)(A)(i).

Claimants then have sixty days from the date of disallowance or from the expiration of the 180–day administrative decision deadline to seek judicial review in an appropriate federal district court or to seek administrative review. *Id.* at § 1821(d)(6)(a). Failure to comply with the FDIC administrative claim process deprives courts of subject matter jurisdiction. *Id.* at § 1821(d)(13)(D).

In *Acosta–Ramírez*, the First Circuit applied FIRREA in a case strikingly similar to the one at bar, involving Law 80 claims brought against Banco Popular by former employees of Westernbank. Because plaintiffs had not complied with the FIRREA claim process, however, the First Circuit held there was no subject matter jurisdiction to entertain claims related to the plaintiffs' employment at Westernbank, and ordered the case dismissed on that basis. *Id.* at 19–21. The holding is dispositive, for it is undisputed that much like the plaintiffs in *Acosta–Ramírez*, plaintiffs here have not complied with the FIRREA claim process.[2]

Plaintiffs argue that the proper remedy should be to remand to local court because in their view Article III deprives federal courts of the power to dismiss a case where federal subject matter jurisdiction does not exist. *See*, "Opposition to Defendant FDIC's Motion to Dismiss Plaintiffs Complaint with Prejudice," Docket No. 23, at ¶¶ 3 and 6. The argument overlooks *Acosta–Ramírez*' unambiguous directive "to dismiss (not to remand) for lack of subject matter jurisdiction." *Id.* at pp. 16 and 21.

The FDIC and Banco Popular have each requested sanctions against plaintiffs under F.R.C.P. 11. *See*, "Defendants' Motion Requesting Sanctions" (Docket No. 19). Among other things, they assert that plaintiffs are the same plaintiffs who unsuccessfully pursued identical claims in *Acosta–Ramírez* and in *Acosta–Alameda*. In response, plaintiffs state that dismissal for lack of subject matter jurisdiction is not a judgment relating to the merits of the case, "Opposition to Defendants' Motion Requesting F.R.C.P. 11 Sanctions" (Docket No. 20), at ¶ 3, somehow implying they are at liberty to file anew in state courts.

Under the present circumstances, the Court will deny the motion for sanctions. Yet plaintiffs should cease resisting the obvious. Their failure to comply with FIRREA deprives courts (federal, state, and local) of jurisdiction to adjudge claims related to their employment with Westernbank.

### III. *CONCLUSION*

In view of the foregoing, the FDIC's "Motion to Dismiss Plaintiffs' Complaint with Prejudice" (Docket No. 21, joined by Banco Popular at Docket No. 22) is GRANTED IN PART. To the extent the motion seeks dismissal with prejudice, the motion is DENIED. The Court will simply follow *Acosta–Ramírez* and dismiss the case for lack of subject matter jurisdiction. Given the clarity of FIRREA's language and of *Acosta–Ramírez*' mandate, plaintiffs' "Motion to Oppose Removal, Requesting Remand and Imposition of Sanctions" (Docket No. 8) is DENIED, as is "Defendants' Motion Requesting Sanctions" (Docket No. 19).

---

**2.** For the same reason, the Court in *Dennis Acosta–Alameda v. Banco Popular*, No. 12–1331(GAG) dismissed the Law 80 claims raised by former Westernbank employees against Banco Popular. *See*, Docket No. 48, at 1–2.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**